IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DAKOTA HOLT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| LA MARA II, INC. and | ) | |
| CAT DADDY CORNER, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

COMES NOW, DAKOTA HOLT, by and through the undersigned counsel, and files this, his Complaint against Defendants LA MARA II, INC. and CAT DADDY CORNER, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

2.     Venue is proper in the federal District Court for the Northern District of Georgia, Rome Division, as the parcel of real property at issue in this case is located in Bartow County, Georgia, and at least one Defendant maintains its registered agent for service of process in Polk County, Georgia.

## PARTIES

3.     Plaintiff DAKOTA HOLT (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Cartersville, Georgia (Bartow County).

4.     Plaintiff is an amputee and disabled as defined by the ADA.

5.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6.     Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.     Defendant LA MARA II, INC. (hereinafter "LA MARA") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8.     LA MARA may be properly served with process via its registered agent for service, to wit: Jaime Rafael, 323 Windsor Falls Drive, Canton, Georgia 30114.

9.     Defendant CAT DADDY CORNER, LLC (hereinafter "CAT DADDY") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

10.    CAT DADDY may be properly served with process via its registered agent for service, to wit: Daniel Bennett, 751 Calloway Drive, Rockmart, Georgia 30153.

11.    LA MARA is the owner (or co-owner) of a portion the real property and improvements that are the subject of this action. (The two separate structures and improvements situated upon said real property shall be referenced herein as the "Los Arcos Facility" and the "Mall Facility" (together, the "Facilities") and said real property shall be referenced herein as the "Property").

12.    CAT DADDY is the owner (or co-owner) of the Mall Facility and the Property.

## FACTUAL ALLEGATIONS

13.    On or about November 29 2020 Plaintiff was a customer at "Los Arcos," a business that operates in the Los Arcos Facility and upon the Property.

14.    On or about November 30, 2020, Plaintiff was a customer at "Okinawa Sushi," a business that operates in the Mall Facility and upon the Property.

3

15.    Plaintiff's access to the businesses located at 1010 N. Tennessee Street, Cartersville, Georgia 30120 (Bartow County Property Appraiser's parcel numbers C029-0008-075, C029-0008-078, C029-0008-079, C029-0008-080 and C029-0008-079-001), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

16.    Plaintiff lives approximately eight (8) miles from the Facilities and Property.

17.    Plaintiff has visited the Facilities and Property at least twice before and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

18.    Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

19.    Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered

4

legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

21.    The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

22.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.    Each Facility is a public accommodation and service establishment.

24.    The Property is a public accommodation and service establishment.

25.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

27.    Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

28.    Each Facility must be, but is not, in compliance with the ADA and ADAAG.

29.    The Property must be, but is not, in compliance with the ADA and ADAAG.

30.    Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in his capacity as a customer of the Facilities and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.    Plaintiff intends to visit the Facilities and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so

6

because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.    Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.    Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

34.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal

enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

(a)    **EXTERIOR ELEMENTS:**

(i)    The access aisle centrally adjacent to the two accessible parking spaces on the Property most proximate to Suite 116 of the Mall Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(ii)   The above-described ramp on the Property most proximate to Suite 116 of the Mall Facility has a slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards.

(iii)  The side flares of the above-described ramp on the Property most proximate to Suite 116 of the Mall Facility also have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(iv)   The walking surfaces of the accessible route on the Property that leads to the entrance of the "Okinawa Sushi" portion of the Mall Facility have a slope in excess of 1:20 (one to twenty), in

8

violation of section 403.3 of the 2010 ADAAG standards.  Said portion of the accessible route also has a total rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(v)     The walking surfaces of the accessible route on the Property located near Suite 212 of the Mall Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards. Said portion of the accessible route has a total rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(vi)    The signage for the accessible parking spaces on the Property that are located most proximate to Suite 104 of the Mall Facility are not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

(vii)   The access aisle centrally adjacent to the two accessible parking spaces on the Property most proximate to Suite 104 of the Mall

Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(viii)   The side flares of the above-described ramp on the Property most proximate to Suite 104 of the Mall Facility also have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(ix)   The walking surfaces of the accessible route on the Property between Suite 101 of the Mall Facility and the Los Arcos Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards. Said portion of the accessible route has a total rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(x)   The two accessible parking spaces on the Property most proximate to the Los Arcos Facility do not have proper signage, in violation of section 502.6 of the 2010 ADAAG standards.

(xi)   The access aisle centrally adjacent to the two accessible parking

spaces on the Property most proximate to the Los Arcos Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(xii)   The side flares of the above-described ramp on the Property most proximate to the Los Arcos Facility also have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

**(b)    LOS ARCOS INTERIOR ELEMENTS:**

(i)     The interior of the Los Arcos Facility has a bar lacking any portion of the counter that has a maximum height of 34" (thirty-four inches) from the finished floor in violation of section 902.3 of the 2010 ADAAG standards.

(ii)    The interior of the Los Arcos Facility has sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(iii)   The Los Arcos Facility does not have restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG

11

standards.

(iv)    The lavatories and/or sinks in the restrooms in the Los Arcos Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

(v)     The soap dispensers in the restrooms in the Los Arcos Facility are located outside the permissible vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(vi)    The mirrors in the restrooms in the Los Arcos Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

**(c)    OKINAWA INTERIOR ELEMENTS:**

(i)     There are changes in level in the interior of the "Okinawa Sushi" portion of the Mall Facility exceeding ½ inch that are not ramped, resulting in the absence of an accessible route connecting all accessible elements and features within the Facility, and thus rendering the main dining area inaccessible to disabled individuals, in violation of sections 206.2.4 and 303.4 of the 2010 ADAAG standards.

12

(ii)     The "Okinawa Sushi" portion of the Mall Facility does not have restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(iii)    The hardware on the restroom doors in the "Okinawa Sushi" portion of the Mall Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv)    The restrooms in the "Okinawa Sushi" portion of the Mall Facility have pedestal sinks that provide for inadequate knee and toe clearance thereunder, in violation of sections 305, 306 and 606.2 of the 2010 ADAAG standards.

(v)     The soap dispensers in the restrooms in the "Okinawa Sushi" portion of the Mall Facility are located outside the permissible vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(vi)    The toilet liner dispensers in the restrooms in the "Okinawa Sushi" portion of the Mall Facility are located outside the permissible vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

13

(vii)   The paper towel dispensers in the restrooms in the "Okinawa
        Sushi" portion of the Mall Facility are located outside the
        permissible vertical reach ranges set forth in section 308.2.1 of
        the 2010 ADAAG standards.

35.   Without limitation, the above-described violations of the ADAAG
made it more difficult and dangerous for Plaintiff to traverse the ramps servicing
the Property, more difficult and dangerous for Plaintiff to travel upon the exterior
accessible routes on the Property, rendered portions of the interior of the "Okinawa
Sushi" portion of the Mall Facility inaccessible to Plaintiff, and made it more
difficult for Plaintiff to utilize the restrooms in the Los Arcos Facility and the
"Okinawa Sushi" portion of the Mall Facility.

36.   The violations enumerated above may not be a complete list of the
barriers, conditions or violations encountered by Plaintiff and/or which exist at the
Facilities and Property.

37.   Plaintiff requires an inspection of Facilities and Property in order to
determine all of the discriminatory conditions present at the Facilities and Property
in violation of the ADA.

38.   The removal of the physical barriers, dangerous conditions and ADA
violations alleged herein is readily achievable and can be accomplished and carried

14

out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.    All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

40.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

41.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

42.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find LA MARA II, INC. in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(b)     That the Court find CAT DADDY CORNER, LLC in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(c)     That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facilities and

Property to make them readily accessible to, and useable by, Plaintiff and other similarly situated individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: January 4, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

17

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

<u>/s/Craig J. Ehrlich</u>
Craig J. Ehrlich